Parsons, C. J.
It appears from the judge’s report, that the plaintiff was the owner of the brigantine Harriot; that she sailed on the voyage insured, with a cargo on freight, for a port in France, the vessel and freight being both insured ; that during the voyage the vessel was captured, and carried into Plymouth in England. where she was detained two months, after which she was liberated, pioceeded on her voyage, and the cargo was delivered to the consignees, at the port of original destination in France, by whom the whole stipulated freight money was duly paid; and that all extraor *329 dinary wages, expenses, damage, and losses, of every kind incurred by the detention, have been adjusted and paid, as a general average on vessel, cargo, and freight. But the assurers refuse to pay a partial loss on the freight, arising from the protraction of a voyage by the capture and detention, which in this action is claimed by the plaintiff.
The Solicitor-General and Hopkins for the plaintiff.
Mellen and Longfellow for the defendants.
After fully considering the subject, we are satisfied that the plaintiff’s claim is not well founded. He insured his freight, and he has received it; and all the general average the vessel and freight were liable to pay. But he says that if there had been no detention, his vessel might have earned her freight in less time. But the underwriters did not insure any particular time, in which the voyage should be performed, but only that the freight should be earned. They are not therefore answerable for a partial loss arising from the increased length of the voyage, by the detention, any more than they * would have been, if the [ * 375 ] arrival of the vessel had been delayed by violent storms, which had driven her out of her course. If the plaintiff can claim on his policy on the freight, it must be either for a partial loss, or for a general average. There has been no partial loss, and the general average has been paid him.

Verdict set aside